IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

CHARIE HERVOCHON                                                        PLAINTIFF

v.                                               CIVIL NO. 17-05198

NANCY A. BERRYHILL, Commissioner                             DEFENDANT
Social Security Administration

**MEMORANDUM OPINION**

Plaintiff, Charie Hervochon, brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (Commissioner) denying her claim for supplemental security income ("SSI") benefits under Title XVI of the Social Security Act (hereinafter "the Act"), 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). In this judicial review, the court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g).

Plaintiff protectively filed her application on March 30, 2015, alleging an inability to work since October 1, 2014, due to fibromyalgia, severe anxiety and depression, and stomach problems. (Tr. 20, 170). An administrative hearing was held on September 10, 2015, at which plaintiff appeared with counsel and testified. (Tr. 34-56).

By written decision dated on August 25, 2016, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe: fibromyalgia and irritable bowel syndrome. (Tr. 22-23). However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the

1

severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 24). The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> [P]erform sedentary work as defined in 20 CFR 416.967(a). In addition, the claimant is able to lift and/or carry 10 pounds occasionally and lift and/or carry less than 10 pounds frequently. The claimant can push and/or pull 10 pounds occasionally and push and/or pull less than 10 pounds frequently. The claimant can stand and/or walk for two hours out of an eight-hour workday with normal breaks. The claimant can sit for six hours out of an eight-hour workday with normal breaks.

(Tr. 24). With the help of a vocational expert, the ALJ found Plaintiff had no past relevant work but would be able perform the representative occupations of a compact assembler, charge account clerk, or brokerage quotation clerk. (Tr. 28).

Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 7). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 12, 13).

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F. 3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record, it is possible to draw two inconsistent

positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000).

Plaintiff brings the present appeal claiming the ALJ erred in his assessment of Plaintiff's credibility, and in his assessment of her mental and physical residual functional capacity (RFC). (Doc. 12, p. 1, 4-9). The Court has reviewed the entire transcript and the parties' briefs. For the reasons stated in the ALJ's well-reasoned opinion and in the Government's brief, the Court finds Plaintiff's arguments on appeal to be without merit and finds the record as a whole reflects substantial evidence to support the ALJ's decision. Accordingly, the ALJ's decision is hereby summarily affirmed and Plaintiff's Complaint is dismissed with prejudice. *See Sledge v. Astrue*, 364 Fed. Appx. 307 (8th Cir. 2010)(district court summarily affirmed the ALJ).

IT IS SO ORDERED this 22nd day of March 2019.

/s/ *Erin L. Wiedemann*
HON. ERIN L. WIEDEMANN
UNITED STATES MAGISTRATE JUDGE